UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUADALUPE MENDOZA,<br><br>            Petitioner,<br><br>    v.<br><br>PATRICK COVELLO, Acting Warden of Mule Creek State Prison,<br><br>            Respondent. | No. 1:19-cv-01521-NONE-JLT (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS IN PART<br><br>(Doc. Nos. 15, 16.) |

**INTRODUCTION**

Petitioner Jose Guadalupe Mendoza is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 17, 2020, the assigned magistrate judge issued findings and recommendation recommending that respondent's motion to dismiss the pending petition be granted due to petitioner's failure to first exhaust his claims by presenting them to the state's highest court.[1] (Doc. No. 16.) The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days from the date of service of that order. (*Id.*)

---

[1] Respondent included in the pending motion to dismiss a request to substitute Patrick Covello, the Acting Warden of Mule Creek State Prison, as respondent in this matter. (Doc. No. 15 at 1 n.1.) The undersigned grants respondent's request for substitution. *See* Fed. R. Civ. P. 25(d); Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(a).

1

On March 25, 2020, petitioner filed objections to the findings and recommendations.  (Doc. No. 17.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  The court has carefully reviewed the entire file, including petitioner's objections.  While the undersigned agrees with the conclusion reached in the findings and recommendations that petitioner's Equal Protection claim is unexhausted, the court believes it is also appropriate to grant petitioner an opportunity to withdraw his unexhausted claims or to move for stay and abeyance of this federal habeas proceeding while exhausting his unexhausted claims in state court.

## BACKGROUND AND PROCEDURAL HISTORY

On January 11, 2016, a Kern County Superior Court jury convicted petitioner of: kidnapping to commit robbery in violation of California Penal Code[2] § 209(b) (Count 1); second-degree burglary in violation of Penal Code § 460(b) (Count 2); second-degree robbery of Ramiro Arvizu Olvera in violation of Penal Code § 212.5(c) (Count 4); first-degree robbery of Eulisses Mercado in violation of Penal Code § 212.5(b) (Count 5); and attempted first-degree robbery of Ramiro Arvizu Olvera in violation of Penal Code §§ 664, 212.5(b) (Count 6).[3]  (Doc. No. 14-1 at 8–21.)  The jury also found that petitioner used a firearm during the commission of the offenses charged in Counts 1, 2, 4, 5, and 6 within the meaning of Penal Code § 12022.5(a).  (*Id.* at 9, 12, 17, 20.)  The jury additionally found that petitioner personally used a firearm during the commission of the offenses charged in Counts 1, 4, and 6 within the meaning of Penal Code § 12022.53(b).  (*Id.* at 10, 15, 21.)

Petitioner was sentenced to life with the possibility of parole on Count 1 (kidnapping to commit robbery), plus an additional ten years for the firearm enhancement under  § 12022.53(b).  (Doc. No. 14-11 at 2.)  On Count 4 (second-degree robbery of Ramiro Arvizu Olvera), petitioner was sentenced to a consecutive term of three years, plus ten years for the firearm enhancement

---

[2]  All future references to the Penal Code in this order are to the California Penal Code.

[3]  The California Court of Appeal noted that this conviction should have been reflected as being for violating Penal Code § 212.5(c).  (Doc. No. 14-11 at 1 n.3.)

2

under § 12022.53(b).  (*Id.*)  On Count 6 (attempted first-degree robbery of Ramiro Arvizu Olvera), petitioner was sentenced to a consecutive term of eight months imprisonment, plus an additional three years and four months for the firearm enhancement under § 12022.53(b).[4]  (*Id.*)

Petitioner appealed from his judgment of conviction and sentence to the California Court of Appeal for the Fifth Appellate District.  (Doc. No. 14-5.)  Appellate counsel for petitioner raised the following four issues on appeal:  (1) no substantial evidence of asportation to support petitioner's conviction for kidnapping to commit robbery in violation of petitioner's right to Due Process under the Fourteenth Amendment (Doc. No. 1 at 40–54, 75–78); (2) Penal Code § 654 precluded petitioner being sentenced on both Count 4 (second-degree robbery of Ramiro Arvizu Olvera) and Count 6 (attempted first-degree robbery of Ramiro Arvizu Olvera) (Doc. No. 1 at 55–63, 79–83); (3) the trial court erred by denying petitioner's *Pitchess*[5] discovery motion (Doc. No. 1 at 64–66); and (4) in a supplemental brief, petitioner argued for remand so that the trial court could determine whether to exercise its discretion under the then–recently created California Senate Bill No. 620 to strike petitioner's firearm enhancements.  (Doc. No. 14-8 at 5–16; Doc. No. 14-9 at 5–9.)

The California Court of Appeal rejected petitioner's first three arguments, concluding that there was sufficient evidence of asportation to support his conviction for kidnapping to commit robbery; the trial court did not commit reversible error in ruling that Penal Code § 654 did not apply to Counts 4 and 6; and the trial court did not abuse its discretion in denying petitioner's *Pitchess* discovery motion.  (Doc. No. 14-11 at 3–6.)  The California Court of Appeal did, however, remand the matter to allow the trial court to consider whether to strike the firearm

/////

/////

---

[4]  The trial court stayed the sentences imposed on Counts 2 and 5, with their respective enhancements, pursuant to Penal Code § 654, which prohibits punishment for two crimes arising from a single indivisible course of conduct.  (Doc. No. 14-11 at 2.)

[5]  Under the holding in *Pitchess v. Superior Court*, 11 Cal. 3d 531, 535 (1974), a defendant in California may seek discovery of a law enforcement officer's personnel records that are relevant to the defendant's ability to defend against a criminal charge.

enhancements under § 12022.5 and § 12022.53.[6] (*Id.* at 6.)

On November 23, 2018, petitioner sought review by the California Supreme Court. (Doc. No. 1 at 87.) In his petition for review he maintained his first two claims presented on appeal: (1) no substantial evidence of asportation to support the conviction for kidnapping to commit robbery in violation of his right to Due Process under the Fourteenth Amendment (Doc. No. 1 at 97–106); and (2) that Penal Code § 654 precluded the sentences imposed for his conviction on both Counts 4 and 6 (*id.* at 107–13). Petitioner did not include in his petition for review arguments related to the denial of his *Pitchess* discovery motion and the request for remand and resentencing on the firearm enhancements.[7] (*See generally* Doc. No. 1 at 87–113.)

On January 2, 2019, the California Supreme Court summarily denied the petition. (Doc. No. 1 at 127.) On October 16, 2019, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) On March 17, 2020, the assigned magistrate judge issued findings and recommendations, recommending that respondent's motion to dismiss be granted due to petitioner's failure to first exhaust the claims set forth in the pending petition by first presenting them to the state high court. (Doc. No. 16.)

In his objections to the pending findings and recommendation petitioner seeks first to "retract the assertion of a federal constitutional claim" and maintain his original claims. (Doc. No. 17 at 5.) Alternatively, if the court dismisses his pending § 2254 petition, petitioner asks this court to dismiss it without prejudice so that he may exhaust his claims in state court. (*Id.*) In recommending the dismissal of the pending federal habeas petition, the assigned magistrate judge determined that it asserted only one claim: an Equal Protection claim, which was unexhausted. (*See* Doc. No. 16 at 4; Doc. No. 15 at 7–8.) Petitioner does not appear to dispute that his Equal

/////

---

[6] On remand, the trial court struck petitioner's firearm enhancements under Penal Code § 12022.53(b) as to Counts 1 and 4, vacating the ten-year enhancement and imposing a sentence of life with the possibility of parole after seven years, plus a determinate term of seven years. (Doc. No. 14-15 at 2; Doc. No. 14-16.)

[7] The court notes petitioner's firearm enhancements were struck on July 15, 2019—eight months after he filed his petition for review with the California Supreme Court. (Doc. No. 14-15 at 2.)

Protection claim asserted in the petition before this court is unexhausted.  (*See generally* Doc. No. 17.)

## LEGAL STANDARD

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision.  *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, 565 U.S. 34 (2011)); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

## DISCUSSION

**A.    Exhaustion**

"The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment."  *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001).

To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts by giving the state courts a fair opportunity to consider and correct violations of the prisoner's federal rights.  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (*en banc*).  A California prisoner seeking relief with respect to a conviction is required to "fairly present" his federal claims to the

5

California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998). To fairly present a claim to the California Supreme Court, the petitioner must describe not only the operative facts but also the federal legal theory on which the claim is based. *See Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). The Ninth Circuit has held that when a claim is properly presented to the highest court of the state, and the state court has discretion to review the claim, but chooses not to review it, the exhaustion requirement is satisfied. *Russell v. Rolfs*, 893 F.2d 1033, 1035–36 (9th Cir. 1990).

### 1. Equal Protection

In his pending § 2254 petition, petitioner claims the state courts "applied the laws . . . in an arbitrary and discriminatory way, that made them unconstitutional as applied to the petitioner, and that he is entitled to relief under the Fourteenth Amendment (Due Process and Equal Protection)." (Doc. No. 1 at 20.) Petitioner further asserts the "purpose of the Equal Protection clause of the Fourteenth Amendment is to secure every person within the states jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." (*Id.* at 21.) As noted above, petitioner does not dispute that his Equal Protection claim presented to this federal habeas court is unexhausted. (*See* Doc. No. 17 at 2 ("It was my understanding that all levels of exhaustion have been adequately addressed being that I had appealed these matters, less the federal constitutional claim, in all levels of the state levels.").) The undersigned has reviewed petitioner's state court filings and agrees with the conclusion reached in the pending findings and recommendations that petitioner has not exhausted his Equal Protection claim in the state courts.

### 2. Due Process

In his *pro se* petition before this court, however, petitioner also seeks "relief for violations of his Fourteenth Amendment Due Process rights under Equal Protection, in the way that the Kern County Superior Court and the Fifth District Court, used an interpretation of State law against petitioner, that evaded the consideration of Constitutional issues." (Doc. No. 1 at 19.) To the extent this is a separate and distinct claim based upon an alleged violation of petitioner's right

to due process, the pending findings and recommendations do not address it. (*See generally* Doc. No. 16.) Petitioner objects to the pending findings and recommendations on the grounds that he exhausted his claim in state court regarding "insufficient evidence to support the count 1 kidnapping conviction." (Doc. No. 17 at 2–3.) Construing the *pro se* petitioner's pleadings liberally, the undersigned finds that petitioner has asserted a cognizable Due Process/sufficiency of the evidence claim in his § 2254 petition.[8] Moreover, the undersigned cannot conclude that petitioner failed to exhaust that claim in state court.

Before both the California Court of Appeal and the California Supreme Court, petitioner argued there was no substantial evidence of asportation sufficient to support his conviction for kidnapping to commit robbery, thus violating his right to due process as guaranteed by the Fourteenth Amendment. (Doc. No. 1 at 40–54 (Court of Appeal filing); *id.* 97–106 (Supreme Court filing).) The California Court of Appeal rejected petitioner's argument in a reasoned decision. (Doc. No. 14-11.) The California Supreme Court summarily denied petitioner's petition for review in which he challenged the sufficiency of the evidence introduced at his trial to support his conviction for kidnapping to commit robbery in violation of his right to Due Process under the Fourteenth Amendment. (Doc. No. 1 at 127.) Because the state's highest court denied the petition for review, petitioner's Due Process claim is exhausted. *See Russell*, 893 F.2d at 1035–36; *see also Jackson v. Virginia*, 443 U.S. 307, 317–18, 321 (1979) ("Under the *Winship* decision ['which established proof beyond a reasonable doubt as an essential of Fourteenth Amendment due process'], it is clear that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim. Thus, assuming that state remedies have been exhausted . . . it follows that such a claim is cognizable in a federal habeas corpus proceeding.").

/////

/////

---

[8] Accordingly, respondents' alternative motion for a more definite statement will be denied as moot. (Doc. No. 15 at 1.)

7

a. *Mixed Petition*

For the reasons discussed above, the undersigned finds that the pending § 2254 petition is therefore a "mixed" petition, meaning that it is made up of both exhausted and unexhausted claims. In cases involving mixed petitions, and as long as adequately supported, courts should allow petitioners leave to amend or to seek a stay and abeyance of the federal habeas action while the petitioner exhausts any unexhausted claims in state court. *See Dixon v. Baker*, 847 F.3d 714, at 719 (9th Cir. 2017) ("we have repeatedly warned the district courts that they 'may not dismiss a mixed petition without giving the petitioner the opportunity to delete the unexhausted claims . . . . This warning is compelled by the fact that, unless either a stay of the habeas proceedings or leave to delete the unexhausted claims is granted, a federal habeas petitioner will lose the opportunity to have his properly exhausted federal claims heard in federal court simply because they were submitted in a mixed petition.").

In his objections, petitioner somewhat confusingly states that he seeks leave to amend to "retract the assertion of a federal constitutional claim and to maintain [his] original claims previously stated." (Doc. No. 17 at 5.) Alternatively, if his motion to amend is denied, petitioner requests dismissal without prejudice so that he may exhaust his claims in state court. (*Id.*) Petitioner does not specify which federal constitutional claim he seeks to retract. (*See generally id.*) Petitioner may elect to withdraw his unexhausted Equal Protection claim and proceed solely on his exhausted due process claim in this habeas action or, as explained below, he may file a motion seeking a stay and abeyance of this action so that he may exhaust his unexhausted equal protection claim in state court. If petitioner proceeds with his due process claim only, any Equal Protection claim may later be barred from being brought before this federal habeas court by the applicable statute of limitations.

i. Stay and Abeyance Procedures

If petitioner elects not to withdraw his unexhausted Equal Protection claim, he may seek a stay and abeyance of his federal habeas action. Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. The "*Kelly* procedure*," outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds*

*by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), has been described by the Ninth Circuit to involve the following three-step process:

> (1) a petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

*King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). A petitioner who proceeds under *Kelly* will be able to amend his petition with newly exhausted claims **if** they are timely under the statute of limitations governing the filing of federal habeas petitions. If a petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. *See King*, 564 F.3d at 1141. In this regard, the *Kelly* procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from becoming time-barred during a stay. *See id.* at 1140–41; *see also Duncan v. Walker*, 533 U.S. 167, 172–75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in *King*, the United States Supreme Court has authorized a second procedure for pursuing both exhausted and unexhausted claims in *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Under the *Rhines* procedure, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. *See King*, 564 F.3d at 1140; *Jackson v. Roe*, 425 F.3d 654, 660 (9th Cir. 2005) ("*Rhines* concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").

A petitioner who proceeds under *Rhines* can, in many instances, avoid a statute of limitations problem with respect to his unexhausted claims. *See King*, 564 F.3d at 1140. However, the requirements are more stringent for the granting of a stay under *Rhines*, as compared to obtaining a stay under *Kelly*. The Supreme Court has cautioned that a "stay and

1  abeyance [under the *Rhines* procedure] should be available only in limited circumstances," and
2  "district courts should place reasonable time limits on a petitioner's trip to state court and back."
3  *Rhines*, 544 U.S. at 277–78.  District courts should not grant a stay under *Rhines* if the petitioner
4  has engaged in abusive litigation tactics or intentional delay, or if the unexhausted claims are
5  plainly meritless. *Id.* at 278.  Further, under *Rhines*, "'stay-and-abeyance is only appropriate when
6  the district court determines there was good cause for the petitioner's failure to exhaust his claims
7  first in state court.'" *King*, 564 F.3d at 1139 (quoting *Rhines*, 544 U.S. at 277–78).

  The decisions in both *Kelly* and *Rhines* "are directed at solving the same problem—namely, the interplay between [the Antiterrorism and Effective Death Penalty Act's] one-year statute of limitations and the total exhaustion requirement first articulated in *Rose v. Lundy*, 455 U.S. 509 (1982)." *King*, 564 F.3d at 1136.

  Accordingly, plaintiff will be directed to file a notice with the court within thirty (30) days of the date of this order indicating how he wishes to proceed:  (a) dismiss his unexhausted Equal Protection claim and proceed only on his due process claim in this federal habeas proceeding, understanding that any Equal Protection claim may later be barred by the applicable statute of limitations; (b) seek a stay and abeyance under the *Kelly* procedure, deleting his unexhausted Equal Protection claim in his § 2254 petition, staying his § 2254 petition containing only his due process claim while petitioner pursues his unexhausted Equal Protection claim in state court, later amending his § 2254 petition to re-attach the newly exhausted claim to the original § 2254 petition, and recognizing the potential statute of limitations issue that may arise; or (c) seek a stay and abeyance under the *Rhines* procedure, whereby petitioner's unexhausted claims will remain pending before this federal court while he returns to state court to exhaust his Equal Protection claim, recognizing that he will be required to demonstrate good cause for his failure to previously exhaust the unexhausted Equal Protection claim in state court.

  3.     <u>California Penal Code § 654</u>

  As noted, petitioner also has indicated in his objections that he seeks leave to amend his petition to "maintain [his] original claims." (Doc. No. 17 at 5.)  It is unclear whether plaintiff intends to re-assert his claim that under Penal Code § 654, the state trial court committed

reversible error in sentencing him for two crimes (Counts 1 and 4) arising from a single indivisible course of conduct. (Doc. No. 1 at 55–63, 79–83.) Although interpreted narrowly such a claim would appear to be one challenging the application of state sentencing law which is not reviewable in this federal habeas action, because the claim may arguably touch upon a potential federal constitutional claim—a double jeopardy violation—the court will also address whether plaintiff has exhausted any such claim.

An application in federal court for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67–68.

Penal Code § 654 is entitled "Offenses punishable in different ways by different provisions; double jeopardy; denial of probation," and provides in relevant part:

> An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.

Penal Code § 654(a).

However, the court is unaware of any caselaw supporting the notion that simply because a state statute may implicate a federal constitutional claim—like the prohibition against double jeopardy—that challenging a conviction based upon the asserted violation of that state law alone is sufficient for purposes of satisfying the exhaustion requirement. Rather, a federal claim must have been explicitly presented to the state high court for the claim to be deemed exhausted. *See Lyons v. Crawford*, 232 F.3d 666, 668–69 (9th Cir. 2000) ("petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is 'self-evident' . . . or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds"), *amended on*

*other grounds in* 247 F.3d 904 (9th Cir. 2001).  Here, despite having argued his claim based upon Penal Code § 654 before both the California Court of Appeal and the California Supreme Court, petitioner has not as to this issue "fairly present[ed]" a *federal* constitutional claim to the California Supreme Court, including the federal legal theory on which the claim is based.  *See Baldwin*, 541 U.S. at 29; *Davis*, 511 F.3d at 1009.  As a result, the undersigned cannot conclude that any potential Double Jeopardy claim has been exhausted by petitioner in state court.  Further, because a federal writ is not available for alleged error in the interpretation or application of state law, petitioner may not raise a claim based solely on an alleged violation of Penal Code § 654 in any amended federal habeas petition he may elect to file in this action.  *See Wilson*, 562 U.S. at 5.

      4.     *Pitchess* Motion

In affirming petitioner's judgment of conviction, the California Court of Appeal held that the trial court did not abuse its discretion in denying petitioner's *Pitchess* motion seeking disclosure of an officer's personnel files.  (Doc. No. 14-11 at 6.)  Petitioner did not raise this claim in his petition for review with the California Supreme Court.  (*See generally* Doc. No. 1 at 87–114.)  Therefore, any potential federal habeas claim, if any, regarding the denial of petitioner's *Pitchess* motion is clearly unexhausted.

      5.     Firearm Sentencing Enhancement

The California Court of Appeal remanded petitioner's case so that the trial court could consider whether to strike the firearm enhancements under Penal Code § 12022.5 and § 12022.53. (Doc. No. 14-11 at 6.)  Petitioner did not raise any constitutional claim regarding the imposition of the firearm enhancements before the California Supreme Court.  (*See generally* Doc. No. 1 at 87–114.)  Because neither the California Court of Appeal nor California Supreme Court had a fair opportunity to consider any constitutional claim in this regard, any conceivable constitutional claim challenging the application of the firearm sentencing enhancements in petitioner's case is also unexhausted.

/////

/////

/////

**CONCLUSION**

For the reasons set forth above,

1. The court adopts the findings and recommendations (Doc. No. 16) in part and finds that petitioner has asserted a cognizable due process claim in his pending federal habeas petition.

2. Within thirty (30) days from the date of this Order, petitioner shall inform the court regarding how he now wishes to proceed in this action with his mixed petition:

    a. Withdraw his unexhausted Equal Protection claim;

    b. Seek a stay and abeyance under the *Kelly* procedure, as described above; or

    c. Seek a stay and abeyance under the *Rhines* procedure, as described above.

3. Respondent's alternative motion for a more definite statement (Doc. No. 15) is denied as moot.

4. Patrick Covello, the Acting Warden of Mule Creek State Prison, is substituted as respondent in this matter (Doc. No. 15 at 1 n.1).

IT IS SO ORDERED.

Dated: **December 30, 2020**

UNITED STATES DISTRICT JUDGE